IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

      v.                    :          CRIMINAL NO. 22-44-01

RONALD GOODE           :

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Thomas M. Zaleski, Assistant United States Attorney for the District, hereby files a sentencing memorandum in support of its position that the Court should accept the terms of the plea agreement and sentence the defendant to a term of 120 months' imprisonment, absent any basis for a below-guideline sentence addressed in the supplemental sealed attachment to this sentencing memorandum.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. See USSG § 1B1.1 (Nov. 1, 2025). At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the section 3553(a) factors. . . . [A] rote statement of the section 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). See also *Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and

has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing."). The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I.    **BACKGROUND**

Defendant Ronald Goode is being sentenced after pleading guilty on October 20, 2025 to an indictment charging him with one count of possession with intent to distribute 40 grams or more of fentanyl and cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C) (Count One), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). The counts arose from Goode's possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), that is approximately 184 grams, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base ("crack), a Schedule II controlled substance, and a Taurus, model PT 111, G2, 9mm Luger semi-automatic pistol, bearing serial number TKU65952, loaded with 12 live rounds of 9mm Luger ammunition on February 25, 2020 in Philadelphia, Pennsylvania, after having been convicted of a felony.

A.    **<u>Statutory Maximum Sentence</u>.**

The following statutory maximum sentences apply in this case: for Count One, charging possession with intent to distribute 40 grams or more of fentanyl and cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C), a maximum term of imprisonment of 40 years, a mandatory minimum 5 years' imprisonment, at least 4 years supervised release up to lifetime supervised release, a $5,000,000 fine, and a $100 special assessment; for Count Two, charging possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), a maximum term of life imprisonment, a mandatory minimum 5 years' imprisonment to be served consecutively to any other term of imprisonment imposed, 5 years supervised release, a $250,000 fine, and a $100 special assessment; for Count Three, charging possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), a maximum term of 15 years' imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment. Forfeiture of all proceeds from offense, and firearms and ammunition possessed in furtherance of the offense, also may be ordered.

The total maximum penalty is life imprisonment, a total mandatory-minimum of 10 year's imprisonment, deriving from a mandatory minimum of five years' imprisonment consecutive to any other sentence imposed for Count Two and a five-year mandatory minimum for possessing more than 40 grams of Fentanyl in Count One, a mandatory minimum of 4 years up to lifetime supervised release, a $5,500,000 fine, and a $300 special assessment.

**B.**      <u>**Sentencing Guidelines Calculation.**</u>

When calculating the sentencing guidelines, Count One (possession with intent to distribute crack cocaine and fentanyl) groups with Count Three (possession of a firearm by a felon) because Count One includes conduct that is treated as a specific offense characteristic in the guideline used to calculate the offense in Count Two. USSG §3D1.2(c). See also USSG §2K2.4, comment. (n.4(B)). PSR ¶ 22. In determining the offense level, USSG §2D1.1 was used instead of USSG §2K2.1 as it results in the greater offense level,[1] pursuant to USSG §3D1.3. PSR ¶ 23. The guideline for a violation of 21 U.S.C. § 841(a)(1) is USSG §2D1.1. Since the offense involved at least 400 kilograms but less than 700 kilograms of converted drug weight, specifically 486.449 kilograms, the base offense level is 26. §2D1.1(a)(5) and (c)(7). PSR ¶ 26.

Because the defendant timely notified the government that he would be pleading guilty to the indictment in view of the pending trial date, the defendant is eligible for a three-level downward adjustment for acceptance of responsibility under USSG §§ 3E1.1(a) and (b). PSR ¶¶ 19-20. The defendant's total offense level is therefore 23, PSR ¶ 35, and his criminal history category is III, PSR ¶¶ 36-50, as he has accumulated six criminal history points. PSR ¶¶ 41-42.

Based upon a total offense level of 23 and a criminal history category of III, the guideline imprisonment range is 120 months to 131 months. PSR ¶ 88. The government respectfully urges this Court to impose a sentence of 120 months' imprisonment, which is a sentence agreed upon by the parties in their plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C).

---

[1] Count Two is excluded from grouping, since 18 U.S.C. § 924(c) requires that the term of imprisonment be imposed to run consecutively to any other term of imprisonment. USSG §3D1.1(b)(1). PSR ¶ 24.

## II.  **ARGUMENT**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." Peugh v. United States, 569 U.S. 530, 542 (2013) (quoting Freeman v. United States, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." Peugh, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." Id. at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

A.    <u>Consideration of the 3553(a) Factors</u>.

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant.

Defendant Goode's crimes prompt significant concern given the circumstances. Philadelphia Police narcotics officers arrested him after Goode made multiple drug sales of fentanyl to confidential informants. In connection with these sales, Goode was selling dangerous drugs that could have placed the lives of many people at risk, especially given that he was selling the powerful and lethal opioid fentanyl. For these reasons, combined with the defendant's criminal history and background, the defendant should be punished with a substantial term of incarceration. A sentence of 120 months' imprisonment accomplishes this goal and is in the interests of justice, for reasons further explained below.

Goode's employment history unfortunately is not reassuring or commendable, as it is very limited. PSR ¶¶ 80-82. He appears not to have held a steady job during most of his adult life, although in part this lack of an employment history can be attributed to many years spent in prison. When not incarcerated, it appears that Goode has spent most of his active adult life "in the streets." PSR ¶ 82.

The government notes that the defendant has accepted responsibility for his crimes. PSR ¶¶ 19-20. As of this writing, these crimes occurred approximately six years ago at the outset of the global pandemic in February 2020. The totality of the circumstances support the term of imprisonment agreed upon by the parties. For these reasons and others discussed further below, a sentence at the reduced range of 120 months' imprisonment is reasonable and just.

(2)    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.

A sentence of incarceration at the agreed upon guidelines range of 120 months' imprisonment will provide an appropriate amount of punishment for Goode's crimes in this case. Goode merits a sentence at the agreed-upon sentencing range of 120 months' imprisonment, given the seriousness of the offense conduct that he has admitted to before this Court. In view of these circumstances and others discussed earlier in this memorandum, a sentence of 120 months' imprisonment is indeed sufficient, reasonable, but not greater than necessary, to comply with the purposes of sentencing set forth in the statute, 18 U.S.C. § 3553(a), and remains within the advisory guidelines range of 120 to 131 months imprisonment. PSR ¶ 88.

The agreed-upon sentence is also justified by the government resources that are saved by the defendant's acceptance of responsibility and foregoing a trial, especially given the age of the offense conduct, which occurred over six years ago. The defendant's sufficiently timely guilty plea permitted the government to avoid preparing for trial (and an appeal after conviction), and expending significant resources, thus still permitting the government and this Court to allocate their resources efficiently. USSG § 3E1.1(b).

(3)    The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

It is evident that incarceration is also needed to protect society from the defendant, to specifically deter him from committing crimes in the future, and to aid in his rehabilitation. A 120 months' sentence of imprisonment will serve this purpose and will still likely deter the defendant and others from participating in criminal conduct similar to the defendant's. The recommended sentence of imprisonment will send a message to the community that possessing a

firearm and distributing lethal drugs will result in a significant loss of liberty under conditions of confinement that will separate the defendant from his family and friends. This message could deter others who hear about the defendant's fate in this case from using guns while engaging in drug trafficking. Given the defendant's proclivities, the agreed upon sentence will also serve to protect the community from him for a total of ten years. (He is 49 years old now and has already served approximately half of the jointly recommended sentence of imprisonment.) It is hoped that this prison sentence will impress upon Goode the need for him to abandon any inclination to resume selling firearms and drug dealing, or associating with those who do, especially as a middle-aged man.

(4)     The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

There is little evidence that Goode has been employed for any significant of time during his adult life. The jointly recommended sentence here will not interfere with the defendant's need for drug treatment, training, medical care, or other correctional treatment. The defendant will have the opportunity to take advantage of the various educational and vocational programs in the federal prison system. Because of the defendant's extensive substance abuse history, PSR ¶¶ 72-77, the government requests that the Court order the defendant undergo a mental health evaluation and that he follow any recommended treatment.

(5)     The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The agreed upon sentence in this case aids this Court in avoiding unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, despite the fact that the agreed upon sentence is lower than the advisory guidelines.

8

Here the agreed upon sentence of imprisonment is fair and just under a totality of the circumstances, given the age of the criminal offense conduct, which occurred in 2020, at the onset of the COVID pandemic, the amount of drugs involved in this case, the defendant's possession of a loaded firearm in furtherance of his drug trafficking, the defendant's criminal history, and the saving of governmental and judicial resources in light of the defendant's waiver of his rights to a trial and to appeal.

(6)    The need to provide restitution to any victims of the offense.

Restitution is not an issue in this case.

(7)    Supervised Release.

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The Court is further directed to state in open court its reasons for imposing or not imposing a term of supervised release, and its reasons for the length of a term imposed. Further, Section 5D1.3 sets forth mandatory conditions of a term of supervised release, and "discretionary conditions" that the Court may impose, following the same individualized assessment.

The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3)

9

("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

In this case, a term of supervised release of at least three years is warranted. As explained above, the defendant presents a lengthy record of criminal conduct, often involving violence. Close supervision following release from imprisonment is warranted to aid his reentry to society and to protect the public. A term of supervised release in this case advances the goals of sentencing to deter criminal conduct, § 3553(a)(2)(B), protect the public, § 3553(a)(2)(C), assure that the defendant continues to pursue education and vocational efforts that promote rehabilitation, § 3553(a)(2)(D). Further, the Sentencing Commission recognizes that "the more serious the defendant's criminal history, the greater the need for supervised release." § 5D1.1 app. note 2. The Commission adds: "In a case in which a defendant sentenced to imprisonment is an abuser of controlled substances or alcohol, it is highly recommended that a term of supervised release also be imposed." § 5D1.1 app. note 3. Given Goode's past abuse of drugs and alcohol, a term of at least three years' supervised release is warranted and justified.

This assessment also supports imposition of all of the mandatory and standard conditions of supervised release listed in Section 5D1.3.

III.    **CONCLUSION**

Wherefore, for all of the aforementioned reasons, the government respectfully urges this Court to impose a sentence of imprisonment at the agreed upon sentence of 120 months' imprisonment.

Respectfully submitted,

DAVID METCALF
United States Attorney

MAUREEN McCARTNEY
Assistant United States Attorney
Chief, Violent Crimes

 s/ *Thomas M. Zaleski*
THOMAS ZALESKI
Assistant United States Attorney

11

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the government's sentencing memorandum has been served by email and electronic filing upon:

Jonathan Alan McDonald, Esquire
601 Walnut Street-Suite 540 West
Philadelphia, PA 19106
Email: Jonathan_McDonald@fd.org

_s/ *Thomas M. Zaleski*_
Thomas M. Zaleski
Assistant United States Attorney

DATED: March 16, 2026

12